BRONSON LAW OFFICES, P.C.
*COUNSEL FOR THE DEBTOR*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530
H. Bruce Bronson
hbbronson@bronsonlaw.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

          RALPH MERCED, JR.

                                   Debtor.
-----------------------------------------------------------x

Case No. 24-22794 (CGM)

Chapter 13

## **OBJECTION TO MOTION FOR RELIEF FROM STAY**

Ralph Merced Jr., (the "Debtor"), by his attorneys, as and for his objection to the Motion for Relief from the Automatic Stay [ECF Doc. 20] filed by PennyMac Loan Services, LLC as ("Movant") with respect to 34 Halstead Ave., Yonkers NY 10704 (the "Property"), in support thereof, respectfully sets forth and represents:

1. The Debtor lives at the Property with his wife and two children.

2. The Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on September 17, 2024 (the "Filing Date") and an Order for Relief was entered thereupon.

3. On March 10, 2025, Movant filed a motion seeking relief from the automatic stay and the co-debtor stay.

4. The motion and memorandum of law in support thereof are factually inaccurate and fail to establish cause under 11 U.S.C.§362 to lift the stay or to lift the co-debtor stay of 11 U.S.C. §1301.

5. The motion claims that Movant is not adequately protected. However, by its own admission Movant's total claim is $357,962.73 and the value of the Property is $600,000. Therefore, Movant's interest is protected by the value of the Property.

6. Also, contrary to the statements in the motion the Debtor has made the post-petition mortgage payments. Proof of the post-petition payments in the bank statements of the Debtor's spouse is attached as "**Exhibit A**".

7. Movant's motion repeatedly states the total amount of the mortgage owed but fails to acknowledge that the Debtor's arrears according to the proof of claim it filed at Claim No. 2 are only $8,934.19 and the Debtor's chapter 13 plan proposes to cure these arrears. A copy of the Debtor's amended plan is attached as "**Exhibit B**".

8. Additionally, the Movant's other legal argument in the memorandum of law is that Movant has standing. Respectfully, establishing that Movant has standing to bring a motion for relief is not itself a legal basis for granting the relief pursuant to 11 U.S.C. §362 or §1301.

**CREDITOR HAS NOT ESTABLISHED CAUSE TO MODIFY AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§362(d)(1) or 1301**

The Sonnax factors are applied in the Second Circuit to determine if cause exists pursuant to 11 U.S.C. § 362(d) to lift or vacate the automatic stay. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The Movant's motion fails to do an analysis of the application of the Sonnax factors. If the Sonnax factors are applied they would favor the stay remaining in place as there is no foreclosure action pending at this time. Therefore, most of the factors including the

use of judicial resources and potential for resolution of the issues favor resolution of this matter in this Bankruptcy Court.

The memorandum of law recites the requirements of lifting the stay under 11 U.S.C. § 1301(c) but does not apply them to this case. Section 1301(c) requires that either the Debtor's plan does not propose to pay the Movant's claim or Movant's interest would be irreparably harmed. The Debtor's plan clearly proposes to pay the small amount of arrears on Movant's claim and the Debtor will continue to make the contractual monthly payment. There are no facts in Movant's motion that allege it will be irreparably harmed. Accordingly, the Movant's motion should be denied as it does not establish cause under the requirements of 11 U.S.C. § 362(d) or 11 U.S.C.§1301.

**WHEREFORE**, the Debtor respectfully requests the Court deny the motion and grant such other and further relief as the Court deems proper.

Dated: Harrison, New York
      April 1, 2025

BRONSON LAW OFFICES, PC

By:  /s/ H. Bruce Bronson
    H. Bruce Bronson, Esq.
    *Attorney for Debtor*